B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>JADA PATRECE BRADLEY | **DEFENDANTS**<br>TITLEMAX OF TN<br>(SEE ATTACHED FOR ADDRESSES) |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>STEVEN L. LEFKOVITZ, NO. 5953<br>618 CHURCH STREET, SUITE 410<br>NASHVILLE, TN 37219 (615) 256-8300 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>xx Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>XX Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

EXPEDITED COMPLAINT FOR TURNOVER AND REQUEST FOR SANCTIONS

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☒ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

## ADDRESSES FOR DEFENDANT, TITLEMAX OF TN:

Titlemax of TN
5528 Charlotte Pike
Nashville, TN 37209

Titlemax of TN
3440 Lebanon Pike
Hermitage, TN 37076

Titlemax of TN
616 S Cumberland Street
Lebanon, TN 37087

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>JADA PATRECE BRADLEY | BANKRUPTCY CASE NO.<br>314-04536 | | |
| DISTRICT IN WHICH CASE IS PENDING<br>MIDDLE | DIVISION OFFICE<br>NASHVILLE | NAME OF JUDGE<br>LUNDIN | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/S/ STEVEN L. LEFKOVITZ | | | |
| DATE<br>6/9/2014 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>STEVEN L. LEFKOVITZ, NO. 5953 | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE:

JADA PATRECE BRADLEY
P.O. Box 1272
La Vergne, TN 37086
SSN: xxx-xx-6427

Debtor.

Case No. 3:14-bk-04536
Chapter 13
Judge Keith M. Lundin

JADA PATRECE BRADLEY

    Plaintiff

v.

Adv. Proc. No. _____

TITLEMAX OF TN

    Defendant.

## **EXPEDITED COMPLAINT FOR TURNOVER AND REQUEST FOR SANCTIONS**

COMES NOW the Debtor/Plaintiff (hereinafter the "Debtor"), by and through counsel, pursuant to Fed.R.Bankr.P. § 7001(1) and for cause of action against Defendant, TITLEMAX OF TN (hereinafter the "Defendant"), would state and show the following:

### **JURISDICTION AND VENUE**

1. Jurisdiction over this cause is proper pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue over this cause is conferred by 28 U.S.C. §§ 1408 and 1409.

3. This cause is a core proceeding and is a Complaint for Turnover governed by Fed.R.Bankr.P. § 7001(1).

## FACTS AND CAUSE OF ACTION

4. The Debtor filed for bankruptcy protection on June 6, 2014 and thus activated the protective benefits of 11 U.S.C. § 362.

5. The Defendant was listed on schedule D of the Chapter 13 petition that was filed with the Court on June 6, 2014 for three separate "title loans" for which the Debtor had pledged 3 separate vehicles for security at three of the Defendant's locations. The vehicles are a 2002 Ford Mustang, 2006 Chevrolet HHR, and a 2004 Chrysler PT Cruiser.

6. Prior to the Bankruptcy filing the 2006 Chevrolet HHR and 2004 Chrysler PT Cruiser had been repossessed by the Defendant and were scheduled to be sold at auction.

7. Debtor's counsel immediately faxed notice of Bankruptcy and proof of insurance to Titlemax's local offices regarding those two vehicles as well as calling to give notice over the phone and arrange for turnover. Debtor also called the third location to give notice as to the 2002 Ford Mustang, as she believed that it was at risk of being picked up by the Defendant.

8. Defendant said that the 2006 Chevrolet HHR was already at the auto auction, but that they had released it for pick-up by the Debtor. The Debtor has not been able to pick up the vehicle yet.

9. Defendant refused to turn over the 2004 PT Cruiser and took the position that they did not have the vehicle in their possession nor knew of the 2004 PT Cruiser's whereabouts when asked by a paralegal at Debtor's attorney's office.

10. Debtor's attorney, Kyle Craddock, spoke to Josie at Titlemax who said that she didn't know if they had the vehicle or not, and had no way of knowing and refused to accept the

case number over the phone. Josie when on to tell Debtor's counsel that he had to call the "corporate office."

11. Debtor's attorney called said corporate office and after waiting on hold, spoke to Jessica, who transferred him to the "bankruptcy department" which is apparently an answering machine. Debtor's attorney left a message for Latda, as well as faxed an additional notice and request for turnover to the fax number on the voicemail message.

12. Later that day, Latda from the Titlemax bankruptcy corporate office called Debtor's attorney back and after discussion told Debtor's counsel that she would advise/authorize the local office to release the 2004 PT Cruiser back to the Debtor.

13. As of June 9, 2014, the PT Cruiser has not been released back to the Debtor.

14. On June 9, 2014, Debtor's counsel called Titlemax for a status update on the turn- over of the 2004 PT Cruiser. May from Titlemax told Debtor's counsel that she didn't handle things like this. Casey from Titlemax told Debtor's counsel that she would not discuss the matter further but that they had received our fax from June 6, 2014.

15. Despite efforts on the part of Debtor's counsel, Defendant refuses to relinquish control and possession of the subject property. The Defendant is therefore in violation of the automatic stay of 11 U.S.C. § 362 by continuing to willfully control and possess property of the bankruptcy estate in contravention of the stay.

16. On June 8, 2014 the 2002 Ford Mustang was repossessed by Defendant, even though they knew of the Bankruptcy filing because of the phone call that was placed on June 6, 2014.

17. Debtor's counsel called Defendant about the 2002 Mustang on June 9, 2014 and spoke to the manager James Layne who refused to authorize turnover of the vehicle. Mr. Layne then said that he did not have to speak with Debtor's attorney's office and hung up.

When Debtor's attorney tried to call back, the phone call would be answered and then immediately terminated by Defendant. This happened several times.

18. Despite efforts on the part of Debtor's counsel, Defendant refuses to relinquish control and possession of the subject property. The Defendant is therefore in violation of the automatic stay of 11 U.S.C. § 362 by taking willful steps to obtain possession of property of the estate, enforce a lien on property of the estate, and by continuing to control and possess property of the bankruptcy estate in contravention of the stay.

19. Debtor would state that since she experiencing blatant disregard as to her bankruptcy filing from two out of three locations, each with separate local management, that she believes that Defendant has either failed to properly train their staff, or has trained them to wilfully ignore such pressing legal matters.

## PRAYER FOR RELIEF

20. Debtor prays for immediate turnover of the property in question, one 2006 Chevrolet HHR, one 2004 Chrysler PT Cruiser, and one 2002 Ford Mustang.

21. Debtor prays for compensatory and punitive damages as proscribed by 11 U.S.C. § 362(k) and 11 U.S.C. § 105.

22. Debtor would suggest to the Court an amount of punitive damages large enough to discourage Defendant from this sort of behavior in the future.

23. Debtor's counsel prays for attorney fees for time expended in the prosecution of this complaint, as proscribed in 11 U.S.C. § 362(k).

24. The Debtor further prays for other general relief as deemed just by the Court.

Respectfully submitted,

LEFKOVITZ & LEFKOVITZ

*/s/ Steven L. Lefkovitz*
Steven L. Lefkovitz, BPR #5953
Attorney for Debtor
618 Church Street, Suite 410
Nashville, TN 37219
Phone: (615) 256-8300
Fax:    (615) 255-4516
Email: slefkovitz@lefkovitz.com

## CERTIFICATE OF SERVICE

I hereby certify that on 6/9/2014, I furnished a true and correct copy of the foregoing to the following parties in interest (additional notice sent via electronic mail to Trustee and U.S. Trustee):

| | |
|---|---|
| Henry E. Hildebrand, III<br>Chapter 13 Trustee, P.O. Box 190664<br>Nashville, TN 37219-0664 | Electronic |
| Sam Crocker, U.S. Trustee<br>318 Customs House, 701 Broadway<br>Nashville, TN 37203 | Electronic |

Titlemax of TN
5528 Charlotte Pike
Nashville, TN 37209

Titlemax of TN
3440 Lebanon Pike
Hermitage, TN 37076

Titlemax of TN
616 S Cumberland Street
Lebanon, TN 37087

I have sent out 5 notices.

*/s/ Steven L. Lefkovitz*
Steven L. Lefkovitz